UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 OCT -1 PM 12:02

CLERK
BY \_\_\_\_LAW\_\_\_\_
DEPUTY CLERK

VICKI BILLINGS, AS GUARDIAN AND
NEXT FRIEND OF CAMERON ROBERTS,
    Plaintiff,

v.

MOUNT ABRAHAM UNIFIED SCHOOL
DISTRICT,
    Defendant.

Civil Action
Docket No. 2:21-cv-234

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Vicki Billings, as the Legal Guardian and Next Friend of Cameron Roberts, a minor, by and through her attorneys, Langrock Sperry & Wool, LLP, and complains of the Defendant Mount Abraham Unified School District as follows:

### PARTIES

1. Plaintiff Vicki Billings ("Plaintiff"), is Cameron Roberts's Legal Guardian and grandmother, and is a citizen and resident of the Town of Stinnett, County of Hutchinson, and State of Texas.

2. Cameron Roberts ("Cameron") is a minor and a citizen and resident of the Town of Stinnett, County of Hutchinson, and State of Texas.

3. Cameron's date of birth is November 15, 2008.

4. Defendant Mount Abraham Unified School District ("MAUSD"), is an educational entity under 16 V.S.A. Chapter 7, comprised of the town school districts of Lincoln, Starksboro, Bristol, New Haven and Monkton, including five elementary schools and the Mt. Abraham Union Middle and High School. Lincoln Community School is one of the elementary schools in the Mount Abraham Unified School District.

5. Defendant, and each of its component subdivisions, is a "public body" as defined in 1 V.S.A. § 310.

6. Defendant is liable for the actions of its employees conducted in the normal course of their employment for Defendant.

7. At all relevant times Defendant owned, possessed, operated and controlled the Lincoln Community School ("the School") where Cameron was injured.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Texas and the Defendant is a citizen of Vermont, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because Defendant is located in and conducts business in this district, caused injury to Plaintiff in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Vermont.

## GENERAL FACTUAL ALLEGATIONS

10. During the 2018/2019 school year, Cameron was a fourth-grade student at Lincoln Community School.

11. On or about December 3, 2018, Cameron was eligible for and receiving Special Educational Services under an Individualized Educational Program (IEP), pursuant to which he received special educational services, and supervision or assistance from aides, teachers, or other adults employed by the School.

Langrock
Sperry
& Wool

12. On or about December 3, 2018, Cameron was removed from his general education peers and tasked with folding and putting away benches and lunch tables after lunch at the School.

13. Folding and putting away benches and lunch tables was not a task related to Cameron's IEP, nor one which would assist Cameron with his IEP goals or objectives, or his general education.

14. Folding and putting away benches and lunch tables was not a safe or appropriate task for Cameron to be engaged in.

15. It was unsafe and inappropriate for Defendant to require Cameron to fold and put away benches and lunch tables.

16. At the time Cameron was folding and putting away benches and lunch tables, no aide, teacher, or adult was properly supervising him, rendering his required task even more unsafe.

17. On or about December 3, 2018, while engaged in the required task of folding and putting away benches and lunch tables, a table fell on Cameron, causing him severe injuries, including a fractured femur requiring surgery.

18. Cameron's injuries were the direct and proximate result of Defendant's unsafe conditions and inappropriate educational practices at the Lincoln Community School.

19. Cameron's injuries were the direct and proximate result of Defendant's failure properly to supervise Cameron at the School.

20. Defendant knew, or should have known, that requiring Cameron to fold and put away benches and lunch tables in the manner as aforesaid was unreasonably dangerous to Cameron.

Langrock
Sperry
& Wool

3

1219252.3

21. Defendant's conduct, and that of its agents and employees, as aforesaid, was negligent.

22. As a direct and proximate result of Defendant's negligence, Cameron suffered bodily injury, great pain and suffering, and other harms and losses.

23. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical and other expenses on behalf of Cameron, and will continue to incur related expenses.

WHEREFORE, Plaintiff requests the Court to award compensatory damages, medical expenses and other economic damages, interest, costs and such other relief as the Court deems just.

DATED at Middlebury, Vermont this 29 day of September, 2021.

LANGROCK SPERRY & WOOL, LLP

James W. Swift, Esq.
Justin G. Sherman, Esq.
111 South Pleasant Street
PO Drawer 351
Middlebury, VT  05753-0351
Email: jswift@langrock.com
Email: jsherman@langrock.com
Ph: (802) 388-6356 | Fx: (802) 388-6149

***Attorneys for Vicki Billings, as Guardian and Next Friend of Cameron Roberts***